UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYMBRE DEANS,

                Plaintiff,

      v.

O'REILLY, MARSH & CORTESELLI P.C.,

                Defendant.

Civil Action No.:

## COMPLAINT
(Jury Trial Demanded)

Plaintiff, Kymbre Deans, ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, O'Reilly, Marsh & Corteselli P.C. ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2. Venue in this Court is proper because Plaintiff resides within the Southern District of New York and the events and/or omissions giving rise to the claims stated herein occurred within the Southern District of New York.

## NATURE OF THIS ACTION

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]) and New York Judiciary Law § 487.

**THE FDCPA**

4. The FDCPA regulates the behavior of debt collectors attempting to collect debts on behalf of others or on their own behalf in the name of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. §1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692*k*. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation. The Second Circuit and other

federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## **PARTIES**

8. Plaintiff is a natural person residing in the Malverne, New York, Nassau County.

9. Plaintiff is a consumer as that term is defined by §1692(a)(3) of the FDCPA, and according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. §1692a(5).

10. Upon information and belief, Defendant, a law firm, is a New York professional corporation, with its principal place of business located at 222 Old Country Road, Second Floor, Mineola, New York 11501.

11. Defendant is a debt collector, as defined by 15 U.S.C. §1692a(6) in that it is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

## FACTS

12. At a time better known to Defendant, Defendant commenced the attempted collection of a consumer debt (the "Alleged Debt"), allegedly owed by Plaintiff to non-party Nassau Educators Federal Credit Union ("NEFCU").

13. The Alleged Debt arose out of a transaction or transactions which were primarily for personal, family, or household purposes.

14. On April 28, 2018, Plaintiff filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. of in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

15. In her bankruptcy petition, Plaintiff scheduled, among other things, the Alleged Debt owed to NEFCU and notice of her bankruptcy case was duly and properly served on all of Plaintiff's known creditors including NEFCU.

16. At no time was the Alleged Debt deemed to be non-dischargeable.

17. At no time was the Alleged Debt reaffirmed.

18. On October 29, 2018, Plaintiff was granted a discharge by the Bankruptcy Court.

19. On or after January 23, 2019, Plaintiff received a debt collection letter (the "Debt Collection Letter"), a "communication" as defined by 15 U.S.C. §1692a(2), from Defendant, on behalf of NEFCU, attempting to collect the Alleged Debt.

20. Services are readily available to easily and automatically review consumer accounts by name, address and/or social security number to ensure that accounts may be disqualified from active collection efforts due to the fact that a consumer debtor has sought and obtained a discharge of liability in bankruptcy.

21. "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the FDCPA. *See, e.g.,* ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398). ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") "Scrub" services are available through the Internet. See, http://www.phinsolutions.com; and http://www.banko.com.

22. Despite the above, in the Debt Collection Letter, Defendant continued to demand payment from Plaintiff on the Alleged Debt.

23. Defendant failed to implement or follow any effective procedures to eliminate improper contacts with Plaintiff, as a consumer debtor in a bankruptcy proceeding.

24. Through the bankruptcy discharge, Plaintiff intended to have the preverbal "fresh start". Defendant's wrongful conduct detailed herein has been incredibly trying on Plaintiff causing her to relive the financial distress she intended to leave behind.

25. In the "Re" line, the Debt Collection Letter stats in relevant part:

> "Total Amount of Debt as of charge-off: $8,379.74"
> "Total Amount of Interest accrued since charge-off: $202.93"
> "Total amount of non-interest charges or fees since charge-off $0.00"
> "Total amount of payments made on the debt since charge-off $0.00"
> "Costs and Fees Not to Exceed 35% of Amount Owed (estimate): $2,932.91
> Total Estimate:  $11,515.58"

26. The body of the Debt Collection further states in relevant part:

> "Please be advised that this firm represents Nassau Educators Federal Credit Union, the holder of the above referenced debts. You have defaulted in making payments as provided in the Debt Agreement in that you have failed to make any payments on Account […] since JANUARY 27, 2018. Pursuant to the terns of the Debt Agreement, our client hereby elects to demand immediate repayment of the entire unpaid balance, which is set forth above, together with interest costs and expenses.
>
> "Please be advised that unless you contact the undersigned within thirty (30) days after receipt of this notice to dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.
>
> Please be further advised that if you notify the undersigned, in writing, within thirty (30) days of the date of this letter that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you by this office.
>
> Please be further advised that if the above named creditor is different than the party with whom you had the original Debt Agreement, this office will provide you with the name and the address of the original creditor, if we are notified, in writing, within thirty (30) days. Should you fail to take any of these steps outlined above within the time therein provided or to bring said obligation current, we will have no alternative but to seek other means of redress.
>
> This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.
>
> We trust that your prompt attention to this matter will avoid the necessity of further proceedings."

27. The amount demanded from Plaintiff in the Debt Collection Letter included an amount for a collection costs and/or fees.

28. In violation of the FDCPA, the Debt Collection Letter misstates the amount due.

29. The Debt Collection Letter indicates that interest is accruing on the Alleged Debt.

6

30. The Debt Collection Letter fails to disclose whether the balance will continue to increase due to additional interest.

31. The Debt Collection Letter fails to disclose whether the balance will continue to increase due to additional late fees.

32. The Debt Collection Letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates*, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

33. The Debt Collection Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

34. The Debt Collection Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

35. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the amount stated at any time after receipt of the letter.

36. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest.

37. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees and/or costs.

38. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Debt Collection Letter fails to indicate the applicable interest rate, or date of accrual.

39. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Debt Collection Letter fails to indicate the amount of applicable and/or possible late fees.

40. For these reasons, Defendant failed to clearly state the amount of the debt.

41. For these reasons, Defendant failed to unambiguously state the amount of the debt.

42. For these reasons, the Debt Collection Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

43. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

44. Defendant violated the FDCPA as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

45. The Debt Collection Letter implies to the least sophisticated consumer that Defendant, a law firm, had analyzed the Alleged Debt and had rendered legal advice to NEFCU concerning the Alleged Debt.

46. Upon information and belief, the actions described herein are illustrative of a pattern and practice of Defendant taking, *en masse,* debt collection actions including the issuance of communications produced by non-lawyers, at the instruction of non-lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

47. In the instant case, the lack of any meaningful attorney involvement resulted in, among other things, Defendant's attempt to collect a debt that had been discharged in bankruptcy.

48. Upon information and belief, Defendant did not undertake any reasonable due diligence or take any steps to ensure that they were not attempting to collect a debt that had been discharged in bankruptcy.

49. The Debt Collection Letter does not include a disclaimer that would make clear to the lease sophisticated consumer that at the time the letter was transmitted, no attorney had reviewed the particular circumstances of the Alleged Debt.

50. Upon information and belief, Defendant's debt collection abuses are part of the business plans developed by Defendant whose high volume consumer debt collection practices are more profitable by not conducting meaningful and effective review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient debt collection efforts.

51. Upon information and belief, at all times relevant hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

52. Upon information and belief, at all times relevant hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious,

intentional, willful, reckless, and grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

53. As a direct and proximate cause of Defendant's wrongful debt collection activities, Plaintiff has suffered humiliation, distress, depression and anxiety. The threat to Plaintiff's financial wellbeing and further harm to is credit are serious sources of emotional distress for Plaintiff.

54. Plaintiff has suffered and continues to suffer mental anguish and emotional distress resulting in actual damages as a consequence of Defendant's unlawful conduct.

55. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress frustration and embarrassment.

56. As a result of Defendants' unlawful conduct complained of herein, Plaintiff has sustained actual damages including, but not limited to, injury to reputation, invasion of privacy, out-of-pocket expenses, pain, suffering, anxiety and mental anguish.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FDCPA
### (FDCPA - 15 U.S.C. § 1692 *et. seq.*)

57. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

58. Defendant's conduct as described in this Complaint violated provisions of the FDCPA.

59. By taking consumer debt collection actions against Plaintiff, including but not limited to, attempting to collect a debt discharged in bankruptcy, Defendant violated the FDCPA in, *inter alia*, the following ways:

(a) Communicating directly with Plaintiff with knowledge that Plaintiff is represented by an attorney with regard to the Alleged Debt. - 15 U.S.C. §1692b(6);

(b) Falsely stating the character, amount, and legal status of the Alleged Debt - 15 U.S.C. §1692e(2)(A);

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff - 15 U.S.C. §1692d;

(d) Falsely threatening to take action that cannot legally be taken or that is not intended to be taken - 15 U.S.C. §1692e(5);

(e) Making false representations and using deceptive means to collect or attempt to collect the Alleged Debt - 15 U.S.C. §1692e(10);

(f) Attempting to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law - 15 U.S.C. §1692f;

(g) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. §1692e;

(h) Otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt -15 U.S.C. §1692f.

60. By transmitting the Debt Collection Letter to Plaintiff without clearly stating the amount of the debt, Defendant violated the FDCPA in, *inter alia*, the following ways:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff - 15 U.S.C. §1692d;

(b) Falsely stating the character, amount, and legal status of the Alleged Debt - 15 U.S.C. §1692e(2)(A);

(c) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. §1692e;

(d) Otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt -15 U.S.C. §1692f.

(e) Failing to clearly, explicitly and unambiguously convey the amount of the debt 15 U.S.C. §1692g.

11

61. By transmitting the Debt Collection Letter to Plaintiff without meaningful attorney involvement, Defendant violated the FDCPA in, *inter alia*, the following ways:

(a) Transmitting a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account 15 U.S.C. §1692e(3) -;

(f) Falsely stating the character, amount, and legal status of the Alleged Debt - 15 U.S.C. §1692e(2)(A);

(g) Threatening, or by extension taking, action that cannot legally be taken 15 U.S.C. §1692e(5);

(h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff - 15 U.S.C. §1692d;

(i) Falsely threatening to take action that cannot legally be taken or that is not intended to be taken - 15 U.S.C. §1692e(5);

(j) Making false representations and using deceptive means to collect or attempt to collect the Alleged Debt - 15 U.S.C. §1692e(10);

(k) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. §1692e;

(l) Otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt -15 U.S.C. §1692f.

62. As a result and consequence of Defendant's violations of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in is favor and damages against Defendant, based on the following requested relief:

(a) Actual damages 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages 15 U.S.C. § 1692k(a)(2);

(c) Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

(d) Such other and further relief as may be necessary, just and proper.

12

Dated: Nyack, New York
      May 22, 2019

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:_____
**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com